UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ROBINSON,<br><br>              Plaintiff,<br><br>       v.<br><br>CLEAR RECON CORP, and WELLS FARGO BANK, N.A.,<br><br>              Defendants. | No.  2:20-cv-01874-KJM-CKD PS<br><br><br>FINDINGS AND RECOMMENDATIONS<br><br>(ECF No. 9) |

Presently before the court is a motion to dismiss plaintiff's complaint (ECF No. 1) brought by defendant Wells Fargo Bank, N.A. ("Wells Fargo").[1]  (ECF No. 9.)  Plaintiff has filed an opposition, to which Wells Fargo has replied.  (ECF Nos. 14, 17.)  A hearing on the motion was held on December 9, 2020.  (ECF No. 18.)  Plaintiff appeared individually, and Jeremy Shulman appeared on behalf of defendant Wells Fargo.  Upon review of the record and the arguments presented, the court recommends GRANTING the motion to dismiss without leave to amend, based on the doctrine of res judicata.

**I.  BACKGROUND**

In April 2006, plaintiff obtained a loan from Wells Fargo's predecessor-in-interest, World

---

[1] Plaintiff is proceeding pro se, and this action is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).

1

Savings Bank, in the amount of $260,000, secured by a Deed of Trust for her home in Antelope, California, located in Sacramento County.  (ECF No. 1 (Complaint) at 3, 5; ECF No. 9.1 (Wells Fargo's Request for Judicial Notice ("RJN")), Exs. A & B.)[2]  Effective November 1, 2009, after a

---

[2] In support of its motion to dismiss, Wells Fargo requests that the court take judicial notice of 18 exhibits.  (ECF No. 9.1.)  The request is granted in its entirety.  Although on a motion to dismiss courts "may generally consider only allegations contained in the pleadings [and] exhibits attached to the complaint," Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899 (9th Cir. 2007), two exceptions apply which make it proper to consider Wells Fargo's attached exhibits: (1) the "incorporation by reference" doctrine and (2) the judicial notice rule.  See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

Exhibits A through D contain plaintiff's signed adjustable rate mortgage note, recorded deed of trust, and two signed loan modification agreements.  (ECF No. 9.1 at 6-47.)  These documents are properly considered because plaintiff's complaint incorporates them by reference.  (ECF No. 1 at 5.)  See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005) (incorporation by reference doctrine applies where plaintiff's claim depends on contents of a document even though its contents are not specifically alleged in the complaint, if its authenticity is not disputed).  Plaintiff objects to the request for judicial notice only on the ground that the exhibits do not contain "adjudicative fact[s]" because they are somehow not relevant to her case.  (ECF No. 14 at 7-8.)  She does not dispute the authenticity of any exhibits, however.

Exhibits E through G contain official documents from the U.S. Department of the Treasury certifying the status of Wells Fargo's predecessor-in-interest, World Savings Bank, FSB, as a federal savings bank; authorizing a name change from "World Savings Bank, FSB" to "Wachovia Mortgage, FSB"; and certifying that effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A.  (ECF No. 9.1 at 48-53.)  These documents are properly subject to judicial notice under Federal Rule of Evidence 201 because, as official public records, they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); see Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-7 (E.D. Cal. June 10, 2010) (taking judicial notice of exact same documents as Exhibits E-G).

Exhibits H through J contain a Notice of Default, Notice of Trustee's Sale, and Trustee's Deed Upon Sale recorded with the Sacramento County Recorder for the subject property.  (ECF No. 9.1 at 54-64.)  These exhibits likewise warrant judicial notice as public records "whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Finally, Exhibits K through R contain copies of court records (pleadings, judicial decisions, and docket reports) from plaintiff's related proceedings in the Sacramento County Superior Court and the United States Bankruptcy Court for the Eastern District of California.  (ECF No. 9.1 at 65-140.)  These records also warrant judicial notice.  See Hunt v. Check Recovery Sys. Inc., 478 F. Supp. 2d 1157, 1160-61 (N.D. Cal. 2007) (judicial notice may be taken of court records and pleadings).

series of name changes and prior mergers, Wells Fargo became plaintiff's lender.  (See footnote 2.)  At some point between 2014 and 2018 plaintiff fell behind on her loan payments, and on February 21, 2018, a Notice of Default was recorded showing some $91,000 in arrears. (RJN Ex. H, ECF No. 9.1 at 55.)  On February 7, 2018, co-defendant Clear Recon Corp ("CRC") was substituted as Trustee.  (ECF No. 9.1 at 107.)  Defendants pursued foreclosure on the loan, and a Notice of Trustee's Sale was recorded on August 13, 2018.  (RJN Ex. I, ECF No. 9.1 at 60.) The foreclosure process concluded in March 2019 when the property was sold to a third party, Accelerated Realty Group.  (RJN Ex. J, ECF No. 9.1 at 63.)

Between 2012 and 2018, plaintiff filed for bankruptcy three times.  Her first was a Chapter 13 proceeding that ran from August 2012 until February 2015 and ended in dismissal for failure to make plan payments.  (RJN Ex. K, ECF No. 9.1 at 66-68.)  The second began in January 2015 as a Chapter 13 proceeding but was then converted to Chapter 7 and ended in January 2018 without discharge.  (RJN Ex. L, ECF No. 9.1 at 71-82.)  And the third was another Chapter 13 proceeding that ran from just December 2018 until April 2019 because plaintiff failed to timely file documents.  (RJN Ex. M, ECF No. 9.1 at 84-85.)

**A. The State Court Action**

On August 20, 2018, shortly after being notified of the forthcoming Trustee's Sale, plaintiff sued Wells Fargo and CRC in California state court.  (RJN Ex. N, ECF No. 9.1 at 87.)  In an attempt to stop the foreclosure and trustee's sale, plaintiff asserted eight state law causes of action challenging defendants' pre-foreclosure conduct.  (Id. at 93-104.)  For example, plaintiff claimed that defendants violated state law by (1) filing the Notice of Default without satisfying the due diligence requirements of Cal. Civ. Code § 2923.5(e); (2) not assigning a single point of contact to assist with her loan modification requests, see Cal. Civ. Code § 2923.7; (3) accelerating the loan without proper notice of default, in breach of the loan agreement; and (4) negligently continuing to foreclose despite plaintiff's ongoing pursuit of loan modification, or what plaintiff refers to as "dual tracking."  (Id. ¶¶ 13, 24-30, 34, 39-40, 59.)

The state court first dismissed the contract and negligence claims on Wells Fargo's demurrer to the complaint and denied plaintiff's motion for a preliminary injunction to stop the

3

sale. (RJN Exs. O & P, ECF No. 9.1 at 106-17.) Then in July 2020, the state court granted Wells Fargo summary judgment on all remaining claims and dismissed the entire action with prejudice.[3] (RJN Exs. Q & R, ECF No. 9.1 at 121-27, 138-39.) See Janet Robinson v. Clear Recon Corp, No. 34-2018-00239112 (Sacramento Cty. Sup. Ct.).

**B. The Instant Complaint**

In September 2020, plaintiff then filed the instant action against the same defendants, Wells Fargo and CRC. (ECF No. 1.) Plaintiff's complaint here also challenges the propriety of the foreclosure, this time from a post-sale vantage point. Plaintiff asserts five causes of action, only one of which (the RESPA claim) she defends in her opposition brief. First, plaintiff claims that Wells Fargo violated two provisions of the "Regulation X" regulations implementing the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605: (a) by "at least implicitly denying [her] a loan modification without providing in writing the specific reasons for the denial," in violation of 12 C.F.R § 1024.41(d); and (b) by "noticing [her] home for foreclosure despite the fact [she] had submitted three loss mitigation packages" and "was never sent a written notice in response to her modification request," in violation of 12 C.F.R § 1024.41(f)(2). (ECF No. 1 at 6-7.)

Second, plaintiff requests rescission of the Notice of Default under 24 C.F.R. § 201.50(b), a Department of Housing and Urban Development ("HUD") regulation requiring a written notice of default before foreclosing HUD-insured mortgages.[4] (ECF No. 1 at 7-8.) Plaintiff seems to be alleging that because the due diligence certification attached to the Notice of Default was fraudulently signed, the Notice must be rescinded under § 201.50(b). (Id.)

Third, plaintiff asserts that Wells Fargo violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, by engaging in "dual tracking" when it foreclosed on her property while she had an active loss mitigation file. (ECF No. 1 at 8-9.) Fourth, as against defendant CRC only, plaintiff challenges the validity of the trustee's sale, seeking to have the title

---

[3] A tentative substantive ruling on the motion was issued on July 1, 2020, and judgment was entered in favor of Wells Fargo on July 15, 2020. (RJN Ex. R, ECF No. 9.1 at 138-39.)

[4] There is no indication that plaintiff's mortgage was insured by HUD.

4

1  restored to her.  (Id. at 9-10.)  And fifth, plaintiff claims that Wells Fargo violated 11 U.S.C.
2  § 362(k) when it "violated the automatic stay under Chapter 7 Bankruptcy" by taking payments
3  she made towards her father's separate Wells Fargo mortgage loan and rerouting them to the
4  Chapter 7 bankruptcy trustee.  (Id. at 10-11.)

5  Wells Fargo moves to dismiss the claims against it under Federal Rule of Civil
6  Procedure 12(b)(6) for failure to state a claim for relief, arguing primarily that these claims are
7  barred by the doctrine of res judicata.  (ECF No. 9 at 1-2.)  Plaintiff's opposition addresses only
8  the sufficiency of her RESPA claims, which she maintains are not barred by res judicata because
9  no RESPA claim was asserted in the state court action.  (ECF No. 14 at 7.)

## II.  LEGAL STANDARDS

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

The doctrine of res judicata—a subset of which is known as claim preclusion—bars a plaintiff from asserting "claims that were, or should have been, advanced in a previous suit involving the same parties."  DKN Holdings LLC v. Faerber, 61 Cal. 4th 813, 824 (2015); see Brodheim v. Cry, 584 F.3d 1262, 1268 (9th Cir. 2009) (where previous judgment was entered in state court, federal courts must apply the preclusion law of the rendering state).  Claim preclusion

arises if a subsequent suit involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit." DKN Holdings, 61 Cal. 4th at 824.

### III.  DISCUSSION

Initially, as Wells Fargo points out (ECF No. 17 at 2), by not addressing any claims but the RESPA claims in her opposition, plaintiff has conceded that the remaining claims are subject to dismissal.  But that is somewhat beside the point because the undersigned concludes that all claims against Wells Fargo are barred as res judicata for the same reasons that the RESPA claims are barred.

The final two elements of claim preclusion are certainly satisfied as to all present claims against Wells Fargo because the California state court rendered a final judgment against plaintiff in favor of Wells Fargo before plaintiff filed the instant action.  See DKN Holdings, 61 Cal. 4th at 824 (Claim preclusion arises if a subsequent suit involves: "(1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit.").  And comparing the claims asserted here with those asserted in the state court action reveals that the first element is satisfied as well.

Under California law, courts assess whether a subsequent suit involves the same "cause of action" by analyzing "the primary right at stake." San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys., 568 F.3d 725, 734 (9th Cir. 2009) (quoting Le Parc Cmty. Ass'n v. Workers' Comp. Appeals Bd., 110 Cal. App. 4th 1161, 1170 (Ct. App. 2003)).  "[I]f two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery." Id. (quoting Eichman v. Fotomat Corp., 147 Cal. App. 3d 1170, 1174 (Ct. App. 1983)).  The focus of the analysis is on "the rights which are sought to be vindicated and the harm for which redress is claimed." Dunkin v. Boskey, 82 Cal. App. 4th 171, 182 (Cal. Ct. App. 2000).

Plaintiff argues only that her RESPA claims should survive here because they were not asserted in her state court case. (ECF No. 14 at 5-7.)  But it is irrelevant whether a given legal claim was actually asserted in a prior suit.  "[A] judgment for the defendant is a bar to a subsequent

1  action by the plaintiff based on the same injury to the same right, even though [s]he presents a
2  different legal ground for relief." Boeken v. Philip Morris USA, Inc., 48 Cal. 4th 788, 798 (2010)
3  (quotation omitted). Plaintiff's RESPA claims seek redress for having her loan modification
4  requests denied and her mortgage noticed for foreclosure, both harms for which she sought—and
5  was denied—redress in the state court action. Allowing these claims to go forward would
6  contradict the longstanding principle of avoiding piecemeal litigation or splitting causes of action.
7  See Grisham v. Philip Morris U.S.A., Inc., 40 Cal. 4th 623, 642 (2007).

8  And although she does not address them, plaintiffs remaining claims against Wells Fargo
9  are likewise barred as res judicata. The somewhat mystifying HUD regulation claim turns on the
10 same supposed violation of California Civil Code § 2923.5(e) that was resolved against plaintiff in
11 the state court action. Likewise, the Unfair Competition Law claim seeks redress for the same
12 "dual tracking" behavior alleged in the state court action, where plaintiff also asserted a UCL claim
13 that was rejected. Plaintiff's fifth claim for breach of the automatic bankruptcy stay is the farthest
14 from the injuries at issue in the state court action. But the court is satisfied that this claim, too, is
15 barred because it is so bound up with the loan modification requests and pre-foreclosure conduct
16 that were the subject of the state suit. See Villacres v. ABM Indus. Inc., 189 Cal. App. 4th 562,
17 576 (Cal. Ct. App. 2010) ("If the matter was within the scope of the action, related to the subject
18 matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on
19 it." (internal quotation omitted)). It is not clear exactly when the supposedly fraudulent re-routing
20 of plaintiff's loan payment occurred, as the complaint does not specify a date. But because plaintiff
21 refers to the payment being rerouted to the Chapter 7 trustee, it could only have occurred between
22 January 2015 and January 2018 when plaintiff's sole Chapter 7 action was in progress.[5] Thus,
23 plaintiff had the opportunity to assert this claim in her prior action, and should have done so while

---

[5] At the hearing on the motion, plaintiff explained that she urged her counsel in the state court action to raise the issue of the re-routing of her checks, but they did not do so—thus confirming that the bankruptcy-stay § 362(k) claim arose prior to or during the state court litigation. Plaintiff apparently has filed an action against her state court counsel; but however inadequate her representation may have been in that litigation, it does not change the finality of the judgment for Wells Fargo in that suit which now bars this subsequent suit.

challenging Wells Fargo's other allegedly improper pre-foreclosure actions during the same period of time.

## IV.  CONCLUSION

For these reasons, all of plaintiff's claims against Wells Fargo are barred as res judicata, and the action should therefore be dismissed against Wells Fargo.  Any amended complaint that plaintiff could bring would be barred by res judicata as well, rendering amendment futile. Therefore, dismissal should be without leave to amend.  Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Accordingly, it is HEREBY RECOMMENDED that:

1. Wells Fargo's motion to dismiss (ECF No. 9) be GRANTED; and
2. All claims against Wells Fargo be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  December 9, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.robi.1874