1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JANET ROBINSON,                            No.  2:20–cv–1874–KJM–CKD PS

12                    Plaintiff,                  ORDER

13          v.                                    (ECF No. 21)

14    CLEAR RECON CORP; WELLS FARGO
      BANK, N.A.,
15
                      Defendants.
16

17

18          The court is in receipt of defendant Clear Recon Corp's Declaration of Non-Monetary

19    Status ("DNMS") filed on December 30, 2020, pursuant to Cal. Civ. Code § 2924*l*. (ECF No. 21.)

20    Because the court cannot recognize Clear Recon Corp ("CRC") as a nonmonetary defendant in

21    this federal case, CRC is ordered to respond to the complaint.

22          Plaintiff filed the present action in this court against defendants Wells Fargo and CRC on

23    September 17, 2020, challenging the nonjudicial foreclosure and subsequent sale of her home.

24    (ECF No. 1.)  On November 4, 2020, Wells Fargo—against whom nearly all of plaintiff's claims

25    are directed—moved to dismiss the action on grounds of res judicata.  (ECF No. 9.)  The

26    undersigned's findings and recommendations to grant that motion are currently pending with the

27    district judge assigned to this case.  (ECF No. 19.)  CRC did not join that motion, nor has it

28    ////

                                                  1

1    answered the complaint or otherwise appeared in this action until filing the instant DNMS.

2            Section 2924*l* of the California Civil Code provides a mechanism for a trustee under a

3    deed of trust to abstain from litigation in which it is named as a defendant without forfeiting its

4    rights.  In brief, the trustee defendant first files a DNMS averring that it has "a reasonable belief

5    that it has been named in the action or proceeding solely in its capacity as trustee, and not arising

6    out of any wrongful acts or omissions on its part in the performance of its duties as trustee"; and,

7    if no party objects within 15 days of service of the DNMS, then the trustee "shall not be required

8    to participate any further in the action or proceeding, [and] shall not be subject to any monetary

9    awards as and for damages"—but nevertheless, "shall be bound by any court order relating to the

10   subject deed of trust that is the subject of the action or proceeding."  Cal. Civ. Code

11   § 2924*l*(a)-(d).[1]

12           In this case, CRC is named as the substitute trustee on plaintiff's deed of trust, and

13   plaintiff alleges that in that capacity, CRC "performed the wrongful foreclosure sale," following

14   Wells Fargo's instructions.  (ECF No. 1 at 9.)  Were this case proceeding in state court, this

15   would appear to be an ideal scenario for CRC to seek recognition as a party with nonmonetary

16   status.[2]  But this case is not in state court; it was filed originally in this federal court.[3]  The court

17   cannot grant CRC such recognition because § 2924*l* is a state procedural rule, not state

18   substantive law, and a DNMS is not a proper responsive pleading under the Federal Rules of Civil

19   Procedure.  See Jenkins v. Bank of Am., N.A., No. CV 14-04545-MMM-JCX, 2015 WL 331114,

20   at *9 (C.D. Cal. Jan. 26, 2015) ("Federal courts in California considering declarations of non-

21   monetary status under Civil Code § 2924*l* have concluded that § 2924*l* is a state procedural rule,

22   and that declarations of non-monetary status conflict with Rule 7(a) of the Federal Rules of Civil

23   Procedure, which governs the filing of pleadings in federal court."); Bever v. Cal-W.

24   Reconveyance Corp., No. 1:11-CV-01584-AWI-SKO, 2012 WL 662336, at *2–4 (E.D. Cal. Feb.

25

26   [1] The statute also permits a party who has not initially objected to a DNMS to later move to require the trustee to participate in the litigation.  Cal. Civ. Code § 2924*l*(e).

27   [2] See Cal. Civ. Code § 2924*l*(g) (stating that "trustee" includes substituted trustees).

28   [3] Notwithstanding the prior state court case that forms the basis of the undersigned's presently pending recommendation to dismiss Wells Fargo under res judicata.  (See ECF No. 19 at 3-4.)

28, 2012); <u>Tran v. Washington Mut. Bank</u>, No. CIV S-09-3277 LKK, 2010 WL 520878, at *1-2 (E.D. Cal. Feb. 11, 2010) ("[T]he court cannot recognize nonmonetary status of a defendant without any basis that such status may be recognized in federal courts.").[4]

That plaintiff has not filed any objection to CRC's declaration does not change the fact that the declaration has no force here.  <u>See</u> <u>Carrillo v. ETS Servs., LLC</u>, No. CV-10-09895-DMG-JCX, 2011 WL 12873783, at *3 (C.D. Cal. Jan. 28, 2011) (rejecting unobjected-to DNMS because in federal court a "party cannot unilaterally file a stipulation that becomes binding on an adverse party merely because the adverse party fails to object").

The court recognizes that the complaint's allegations against CRC are few and far between, essentially amounting to a claim that the trustee's sale of the property to a third party (not named in this action) must be set aside as invalid.  (ECF No. 1 at 9-10.)  And the claims against CRC may well be subject to dismissal under California Civil Code § 2924(b),[5] res judicata, or other grounds.  But that does not relieve CRC of its obligation under the Federal Rules to substantively respond to plaintiff's complaint.

////

////

////

////

////

---

[4] The Ninth Circuit has not ruled on whether a § 2924*l* declaration can be given effect in district court, and many sister district courts have given DNMSs filed in state court effect when assessing whether the declarant's presence would destroy diversity jurisdiction in cases subsequently removed to federal court.  <u>See</u> <u>Carrillo v. ETS Servs., LLC</u>, 2011 WL 12873783, at *3 (C.D. Cal. Jan. 28, 2011) (discussing divergent treatment of DNMSs).  Again, this is not a removed case, and courts have been much more uniform in holding § 2924*l* declarations ineffective when filed directly in federal court.

[5] "In performing acts required by this article, the trustee shall incur no liability for any good faith error resulting from reliance on information provided in good faith by the beneficiary regarding the nature and the amount of the default under the secured obligation, deed of trust, or mortgage."  Cal. Civ. Code § 2924(b); <u>see</u> <u>Schrupp v. Wells Fargo Bank, N.A.</u>, No. 2:16-00636 WBS KJN, 2016 WL 3753326, at *10-11 (E.D. Cal. July 13, 2016) (dismissing wrongful foreclosure claim against trustee based entirely on its initiation of nonjudicial foreclosure at bank's direction, and discussing similar cases).

1         Accordingly, IT IS HEREBY ORDERED that within 21 days of the entry of this order,

2   CRC shall file a response to the complaint in a manner permitted by the Federal Rules of Civil

3   Procedure.

4   Dated:  January 26, 2021

5

6   CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

7

8

9   19.1874.robi

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28