UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>CLEAR RECON CORP; WELLS FARGO BANK, N.A.,<br><br>Defendants. | No. 2:20–cv–1874–KJM–CKD PS<br><br>ORDER<br><br>(ECF No. 19) |

On December 10, 2020, the magistrate judge filed findings and recommendations (ECF No. 19), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days. On December 28, 2020, plaintiff filed objections to the findings and recommendations (ECF No. 20), and on January 4, 2021, plaintiff filed "amended" objections (ECF No. 22)—both of which have been considered by the court. The court has also considered Wells Fargo's response to these objections. ECF No. 23.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis with respect to plaintiff's claims under the Real Estate Settlement Procedures Act and related regulations (the first claim), under the California Unfair Competition Law (the second claim), and

1

to set aside the trustee's sale (the third claim). As the Magistrate Judge explained in the findings and recommendations, each of these claims concerns the same rights, the same alleged wrongs, and the same dispute, and they were either resolved in previous litigation between the same parties or could have been raised in that litigation. Plaintiff has now also agreed to dismiss Clear Recon, the only defendant against whom she raised her claim to set aside the trustee's sale. The court accordingly adopts the Magistrate Judge's recommendation to dismiss these three claims with prejudice.

As the Magistrate Judge recognized, however, plaintiff's fourth claim differs from the claims she raised in the previous litigation. She alleges in her fourth claim that Wells Fargo took a check she had written to pay her father's mortgage loan, "scratched out the account number" she had written on that check, wrote down a different account number, and used the proceeds to satisfy a different debt. *See* Compl. ¶ 26. Her father's mortgage was then forced into foreclosure. *Id.* These allegations concern a different alleged wrong (rerouting a check and breaching an automatic bankruptcy stay) and a different injury (the loss of the funds) than her other claims. *Cf., e.g., id.* ¶ 14 (alleging Wells Fargo did not comply with regulations when it denied her request for a loan modification). The resolution of plaintiff's previous litigation against Wells Fargo does not preclude this claim because "the facts pleaded" and "the injuries alleged" show that different primary rights are at stake. *See Stonehocker v. Kindred Healthcare Operating, LLC*, No. 19-02494, 2019 WL 4542466, at *5 (N.D. Cal. Sept. 19, 2019) (quoting *Adam Bros. Farming v. Cty. of Santa Barbara*, 604 F.3d 1142, 1149 (9th Cir. 2010)) (applying California law).

Wells Fargo advances three alternative grounds for dismissal of plaintiff's fourth claim, and one of these arguments is jurisdictional. It argues she "cannot articulate any damage" because she alleges "the payment processing affected her father's loan with Wells Fargo and not her loan." Mot. Dismiss at 8, ECF No. 9 (citing Compl. ¶ 26.e). This court's jurisdiction is limited to cases and controversies. U.S. Const. art. III, § 2. The doctrine of standing is rooted in that limitation. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). Standing has three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The first is "an injury in

fact." *Spokeo*, 136 S. Ct. at 1547. Because plaintiff does not allege she suffered an injury as a result of the rerouting, but rather only that her father's mortgage was forced into foreclosure, she does not allege an injury in fact on her own behalf.

The court does not reach Wells Fargo's other alternative grounds for dismissal, which it expresses in cursory terms without citations to authority. *See* Resp. at 5, ECF No. 23; Mot. Dismiss at 8, ECF No. 9. The court therefore dismisses plaintiff's fourth claim with leave to amend. *See, e.g.*, *See Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (holding that leave to amend should be permitted absent "strong evidence" of delay, bad faith, repeated failures to cure deficiencies, prejudice, or futility).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 19) are **adopted in part**.
2. Wells Fargo's motion to dismiss (ECF No. 9) is **granted with leave to amend in part**. If plaintiff suffered an injury as a result of Wells Fargo's rerouting of her check, **she may amend her complaint within thirty days** to assert a claim based on that allegation. All other claims are dismissed with prejudice and without leave to amend.
3. This matter is referred again to the assigned Magistrate Judge for all further pretrial proceedings.

DATED: April 29, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE

3